■ In the Matter of CABRINI MEDICAL CENTER, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.—Kane, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered December 8, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Health denying petitioner's request for Medicaid reimbursement rate revisions.

Petitioner is a general hospital located in New York County and licensed pursuant to Public Health Law § 2805. Sometime

prior to September 1980, petitioner closed its out-patient department (hereinafter OPD) and converted the resulting space to in-patient care. By letter dated September 16, 1980, petitioner requested the necessary forms from the Department of Health's Office of Health Systems Management (hereinafter OHSM) for Medicaid reimbursement rate revisions based, *inter alia,* on the "unbundling of all clinic operations". In April 1981, petitioner sought adjustment of its 1980 and 1981 in-patient reimbursement rates, asking OHSM to essentially reallocate indirect costs formerly allocated to the OPD to its in-patient costs. On October 29, 1981, petitioner formally requested that OHSM approve the deletion of its OPD services from its operating certificate. By letter dated June 15, 1982, petitioner filed an additional appeal seeking a rate revision for 1982. Finally, on June 18, 1982, OHSM approved the deletion of the OPD from petitioner's certificate.

Thereafter, petitioner's rate appeals for 1980 and 1981 were denied on the ground that petitioner did not receive the proper approval to close its OPD within the period for which it sought rate revisions. OHSM also issued revised 1982 rates reallocating the fixed overhead costs of petitioner's OPD to its in-patient rates. However, the revised rate was made effective June 18, 1982, in keeping with OHSM's conclusion that no rate reallocation would be allowed from petitioner's OPD costs to in-patient rates prior to the formal approval date of the OPD closing.

Thereafter, petitioner commenced consolidated CPLR article 78 proceedings contesting the 1980 through 1982 rate determinations with the parties subsequently stipulating that the only issue for judicial review was the effective date of the rate revisions. Supreme Court found OHSM's determination to disallow rate revisions prior to June 18, 1982 arbitrary and capricious and declared that the effective date for rate revisions was September 12, 1980. This appeal followed.

We affirm. The Department of Health may revise rates based on changes in the method of providing services which lower a provider's over-all costs (*see,* 10 NYCRR 86-1.17 [a]). Such rate revisions are to be determined pursuant to Public Health Law § 2807 and must be "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities" (Public Health Law § 2807 [3]). Petitioner's failure to obtain formal approval of its change in services is unrelated to the adequacy and reasonableness of its operating costs and is not an appropriate factor to be considered in rate revision determinations (*see,* Public Health

Law § 2807; *cf., Matter of Society of N. Y. Hosp. v Axelrod,* 70 NY2d 467, 474-475). Petitioner does not deny that it failed to obtain prior formal approval of its OPD closing *(see,* 10 NYCRR 401.3 [a]) and has, in fact, been penalized for its noncompliance in an administrative proceeding brought by respondent Commissioner of Health pursuant to Public Health Law § 206 (4) (c). The separate mechanisms of penalizing noncompliance *(see,* Public Health Law § 206 [4] [c]) and ascertaining "reasonable and adequate" costs (Public Health Law § 2807 [3]) preclude consideration of petitioner's adjudicated noncompliance in determining its rate revisions. Accordingly, Supreme Court properly determined the rate revision to be effective on September 12, 1980, the date petitioner ostensibly closed its OPD.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.